ALVAH HUNTRESS & al. vs. ISAAC WHEELER & al.

If a debtor be arrested, since the *stat.* of 1835, *c.* 195, for the relief of poor debtors went into operation, on an execution issued on a judgment in an action commenced before that time, founded on a contract made before the *stat.* 1831, *c.* 520, for the abolition of imprisonment of honest debtors for debt, the bond to obtain release from imprisonment, should be made pursuant to the provisions of the *stat.* 1822, *c.* 209; and if it be taken in accordance with the provisions of the *stat.* 1835, it is not good as a statute bond, but only at common law; and the plaintiff can recover only the original debt, costs and interest.

THIS action, debt on a bond dated *July* 13, 1836, was submitted on an agreed statement of facts. The defendants, with the general issue, filed a brief statement, stating that *Wheeler* being under arrest on the execution, was unlawfully required to give the bond declared on, and that to procure his release, the bond was given. The facts sufficiently appear in the opinion of the Court.

*Cutting*, for the plaintiffs, gave a history of legislation on this subject, since the separation of this State from *Massachusetts* up to the statute of 1835, and adverted to the extreme difficulty in ascertaining what was the proper bond to be given by a debtor to obtain his release from imprisonment. He commented on the various provisions of the poor debtor act of 1835, *c.* 195 ; urged that the present bond was properly taken under the 8th section of the last act ; contended, that by this section it was the design of the legislature, which was fully accomplished, to destroy all distinctions between the various classes of executions, and making uniform the method of proceeding with, and executing, all executions issued on judgments *in any civil suit ;* that all the provisions of the act, unless section 6, and every act to be done under each section, are sufficiently broad to comprehend the past, the present, and the future ; that the 6th applied only to such suits as should be afterwards commenced ; and that there were no provisions in the last section, contradictory of the general provisions of the 8th section, and that this bond was rightly taken under the act of 1835. The legislature may act upon the remedy, and still leave the right unaffected. *Thayer* v. *Seavey,* 2 *Fairf.* 288 ; 4 *Wheat.* 122, 209. *Wheeler* was legally arrested and imprisoned, and it was his duty to furnish a bond to obtain his release, and for that purpose offered this and no other. He cannot therefore say, that it is illegal, even if it was taken under the wrong act.

*Hobbs*, for the defendants, remarked, that this suit was prosecuted merely to recover the penal interest under the 8th section of the *stat.* 1835, *c.* 195, and contended, that the act of 1835, had no application to this case. The officer should have proceeded under the *stat.* 1822, *c.* 209. The original contract was made before the act of 1831 took effect, and was excepted from the operation of that act. This suit was commenced prior to the time the act of 1835 took effect, and was therefore excepted from its operation by the last section. The bond, not being taken in accordance with the requirements of the *stat.* 1822, is not good as a statute bond. The bond is admitted to be good at common law, but being a bond with a penalty, it is subject to chancery. The plaintiffs can recover only the principal and simple interest. *Winthrop* v. *Dock-*

*endorf,* 3 *Greenl.* 156; *Kavanagh* v. *Saunders,* 8 *Greenl.* 422. As the offer was duly made in writing to be defaulted for that sum, the defendants are entitled to recover their costs.

The opinion of the Court was prepared by

SHEPLEY J. — The plaintiffs commenced their original suit against the defendant, *Wheeler,* on the 16th of *April,* 1833, upon a contract dated on the second of *May,* 1831, and recovered judgment at the *June Term* of this Court, 1836. On the 13th of *July* following, *Wheeler* was arrested upon the execution, which had issued, and was committed to prison ; and with the other defendant executed the bond now in suit to procure his discharge. The bond was taken according to the provisions of the eighth section of the act of 1835, *c.* 195. The defendants, at the *January Term* of the Court of Common Pleas, offered to be defaulted, according to the provisions of the act of 1835, *c.* 165, for the balance due upon the bond with interest. The plaintiffs claim the interest at the rate of twenty-five per cent. as allowed by the act of 1835. And the question submitted is, whether the bond should have been taken according to the provisions of the act of 1835, or according to those of the act of 1822.

The language of the eighth section of the act of 1835 is general, embracing all cases. The proviso in the seventeenth section is, " that this act shall not be so construed as to affect any suit or suits already commenced, or rights vested under any of said acts." The suit, upon which the judgment was recovered and execution issued, had been commenced before that time, and was not affected by its provisions. The question, whether the final process and proceedings were intended to be included in the term suit, was considered, and decided to be included, in the cases of *Gooch* v. *Stephenson,* 15 *Maine R.* 129 ; and *Hastings* v. *Lane, ib.* 134.

This bond cannot therefore be regarded as a good statute bond, and the plaintiffs can recover only the original debt, costs, and interest ; for which judgment is to be rendered ; and for defendants for costs.